JANUARY TERM, 1881, No. 196.        JANUARY 9TH, 1882.

# The Pennsylvania Mutual Aid Society *versus* Corley.

1. A declaration recited that the company defendant, by an instrument in writing under seal, insured the life of plaintiff's husband to the extent of $2000, for her benefit, and promised under its seal to pay her that sum upon his death, and averred that he afterwards died and thereupon the said sum became payable to her. It alleged the breach as follows : "Yet the said defendant, not regarding its said promise, has hitherto neglected and refused, and still does neglect and refuse to pay the said plaintiff the sum of $2000, or any part thereof, although often requested by the plaintiff so to do, whereby the plaintiff has sustained damage," etc.

*Held,* that the declaration was in assumpsit, and that the admission in evidence of the contract under the corporate seal of the company was precluded by the form of the action.

2. Where suit was brought on a certificate in the nature of a policy of insurance, which provided that the declarations and representations in the application for membership were made a part of the certificate, it was incumbent on the plaintiff to present in evidence the application in connection with the certificate, or account for its non-production.

3. Where a general objection is made on the trial to the admission of a contract in evidence, and the party objecting is not called upon to specify, he cannot be considered as waiving any ground of objection that might have been specifically urged.

4. *Semble,* that where a policy of insurance does not require notice of the death of the insured to be given to the insurer, there is nothing in the nature of the contract requiring such notice or demand before bringing suit.

5. *Semble,* that where jurors, summoned to serve for the week preceding the trial, were in attendance, and from them the jury was duly impanelled and sworn to try the case, it must be presumed, in the absence of any evidence to the contrary, they were in attendance by direction of the Court.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia County*.

Case by Mary Corley against the Pennsylvania Mutual Aid Society, to recover the amount of a policy of insurance for $2000, upon the life of her husband, Patrick Corley, executed in her favor by the defendant company.

The narr set forth : "For that whereas heretofore, to wit, upon the second day of October, 1879, the defendant, by a certain instrument of writing under seal, called a certificate of membership, for and in consideration of the payment to it, then and there made by one Patrick Corley, the husband of the plaintiff, of, to wit, the sum of sixteen dollars, lawful money of the United States of America, and for divers other good and valuable considerations, did insure the life of said Patrick Corley to the extent of, to wit, two thousand dol-

lars, for the use and benefit of the said plaintiff, at the county aforesaid, and did then and there promise and agree under its seal to pay to the said Mary Corley, her heirs and assigns, the sum of, to wit, two thousand dollars, upon the death of the said Patrick Corley. That the said Patrick Corley died, to wit, upon the thirtieth day of January, 1880, and afterwards, to wit, upon the day and year last aforesaid, due notice and proof of the death of the said Patrick Corley was furnished to the defendant, whereupon the said sum of, to wit, two thousand dollars, became due and payable to the plaintiff; yet the defendant, not regarding the said promise, has hitherto neglected and refused, and still does neglect and refuse to pay the said plaintiff the said sum of two thousand dollars, or any part thereof, although often requested by the plaintiff so to do, whereby the plaintiff has sustained damage to the amount of five thousand dollars, and therefore she brings suit," etc.

The defendant pleaded, "Non asumpserunt, set-off, payment with leave etc.," and the replication was, "Non solvit, no set-off, and issue."

The policy of insurance upon which suit was brought was signed by the president and secretary of the defendant company, was sealed by the company, and was as follows:

"By this certificate of membership, The Pennsylvania Mutual Aid Society, Home Office, Newport, Pa., witnesseth, that Patrick Corley has paid sixteen dollars, his first annual payment, the receipt of which is hereby acknowledged, and has become a member of the said The Pennsylvania Mutual Aid Society, in Class A, Division No. 2. This membership entitles Mary Corley, his wife, her heirs or assigns, upon the death of said Patrick Corley, to two thousand dollars. Provided, however, that he, the aforesaid member, continues so long to comply with the requirements of the charter and by-laws of this society, and stipulations for membership taken together, and none of its terms can be modified nor any forfeiture under it waived, except by an agreement in writing, signed by the president and secretary of this society, whose authority for this cannot be delegated.

" Provided, also, that if the aforesaid member should die before the first five annual payments are made, the amount still due thereon shall be deducted from the sum of two thousand dollars as granted above.

" Provided, also, that death does not result through and by the member's own hand, and whether sane or insane, or by immorality, or by being engaged in the military service in case of rebellion or invasion.

"And it is also understood and agreed by the persons named

in this certificate, that if the proposals, answers, declarations, and representations made by the aforesaid member in his *application for membership, dated the thirtieth day of September, of* 1879, *and which are hereby made a part of this certificate as if fully herein recited,* and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in such case this certificate shall be null and void; or in case the stipulations contained in the said application for membership are not strictly complied with, then, and in every such case, the said The Pennsylvania Mutual Aid Society, of Newport, Pa., shall not be liable for the payment of the amount promised in this certificate, which certificate shall cease and determine, and the payments made thereon shall be forfeited to the said The Pennsylvania Mutual Aid Society, of Newport, Pa.

" This society will not take notice of any assignment of this certificate unless a duplicate or certified copy thereof shall be delivered to the society at its principal office, and under no circumstances will the society assume any responsibility for the validity of such an assignment. If any claim be made under an assignment, proof of interest to the extent of the claim will be required.

" This society is not required to maintain the reserve which life insurance companies are required to maintain under any former laws; it has in lieu thereof an assessment basis, as per the provisions of the Act, approved the first day of May, A.D. 1876, under and by which this society is incorporated and governed.

" Given under the seal of said society at Newport, Pa., this second day of October, 1879."

On the trial in the Court below, November 22d, 1880, before Elcock, J., counsel for the defendant objected to the jury being sworn, " for the reason that there are no lawful jurors in attendance upon the Court, the period for which the persons attending as jurors were summoned having expired on the 20th instant, and no jury having been sworn on or before that day."

The Court overruled the objection, and directed the jury to be sworn, and defendant excepted.

Counsel for plaintiff then offered in evidence the above-described policy of insurance. Counsel for defendant objected to the offer, which was admitted under exception.

*Sarah Sweeney,* for the plaintiff, testified:

" I am an undertaker; I attended to Patrick Corley's burial; he died on the thirtieth day of January, of this year, and was put in ice on the thirty-first, and buried on

[The Pennsylvania Mutual Aid Society *v.* Corley.]

the third of February; I dressed the body the night before."

The plaintiff then rested, and the defendants, by their counsel, moved the Court that a nonsuit be entered, which motion the Court overruled, and the defendants excepted. The Court charged the jury that if they believed the evidence of the undertaker, they should find a verdict for the plaintiff, to which charge and instructions the defendants excepted.

November 22d, 1880. Verdict for plaintiff for $2053.68, upon which judgment was afterward entered.

The defendant then took a writ of error, assigning as errors that the Court erred : (1) in admitting in evidence the certificate of insurance; (*a*) because it was not accompanied with the application; (*b*) because the pleadings were in *assumpsit*, and the certificate was under seal; (*c*) because the certificate made the charter and by-laws a part of the contract, and they were not offered with the certificate; and (2) in instructing the jury as above; and (3) in directing the jurors to be sworn after their period of service had expired.

*Sharp & Alleman*, for plaintiff in error.

No proof was offered to show why the application was not produced, nor was any evidence offered to show its contents : Lycoming Insurance Co. *v.* Storrs, 10 W. N. C., 304 ; Farmers' Insurance Co. *v.* Meckes, 10 W. N. C., 307.

The *narr* was in *assumpsit*, and that the plaintiff so regarded it is proved by the replication being responsive to the pleas which were in *assumpsit*. The words " under seal," after the word " promise," were merely surplusage. The remedy upon a contract under seal is in covenant : Troubat & Haly's Pr., § 1496 ; Shaeffer *v.* Geisenberg, 11 Wr., 500 ; McManus *v.* Cassidy, 16 P. F. Smith, 260.

The charter and by-laws were a part of the certificate.

No proof was offered that the defendant had ever been notified of the death of Patrick Corley.

When a promise to pay money is contingent upon the happening of an event, which must of necessity be peculiarly within the knowledge of the promisee, notice of the happening of the event must be given the promisor before an action can be maintained : Parsons on Contract, vol. 2, p. 669, 670 ; Vyse *v.* Wakefield, 6 M. & W., 442 ; 8 Dowl. P. C., 377, 4 Jur., 509 ; affirmed on error, 7 M. & W., 126 ; Bouvier's Dictionary, edition 1864, title "Notice," p. 241, first column, par. (4) (5); see Taylor *v.* Witman's Administrators, 3 Gr. 138, 139.

[The Pennsylvania Mutual Aid Society *v.* Corley.]

*Theodore F. Jenkins,* for defendant in error.

No reason was assigned for the objection to the admission in evidence of the certificate, and therefore the first assignment of error is bad; a general objection applies only to the relevancy of the testimony.

The *narr* was in debt, and three of the pleas, to wit, " set-off, payment, payment with leave, etc.," are good pleas in debt, and the plea of " non assumpserunt " was, of course, bad, but that was the fault of the counsel for the defendant below, and the counsel for the plaintiff, considering that plea as no plea, filed, as the replication to the good pleas, " non solvit," and " no set-off," which was the only replication that could be properly filed to those pleas.

As the defendant did not plead that any of " the proposals, answers, declarations, or representations," made in the application were untrue, they were not, so far as the present case was concerned, matters of controversy. The same reply may be made as to the requirements of the charter and by-laws of the society,—no question as to them was raised by the pleadings.

The opinion of the Court was delivered by STERRETT, J.

The declaration in this case is somewhat peculiar. It has some of the distinctive features of a *narr* in case, but it is devoid of essential characteristics of both debt and covenant. After reciting that the company, by an instrument in writing, under seal, called a certificate of membership, insured the life of plaintiff's husband to the extent of $2000, for her benefit, and promised under its seal to pay her that sum upon his death, and averring that he afterwards died, and thereupon the said sum became payable to her, etc., the declaration alleges the breach in the following words: " Yet the defendant, not regarding its said promise, has hitherto neglected and refused, and still does neglect and refuse to pay the said plaintiff the sum of $2000, or any part thereof, although often requested by the plaintiff so to do, whereby the plaintiff has sustained damage to the amount of $5000, and therefore she brings suit," etc. If good for anything, this must be regarded as a declaration in *assumpsit.* The summons was in that form, and the action was so recognized in the pleas and on the trial, as appears by the bill of exceptions.

The certificate of membership recited in the declaration, unaccompanied by the application therefor, was received in evidence under a general objection and exception. This is the subject of the first assignment of error, in support of which several distinct positions are taken. Inasmuch as the

[The Pennsylvania Mutual Aid Society v. Corley.]

company was not called upon at the trial to specify, it cannot be considered as having waived any ground of objection to the admission of the certificate that might then have been specifically urged.

It is contended in the first place that, in connection with and as part of the certificate, the plaintiff was bound to offer the application for membership, or give a satisfactory reason for not doing so. The certificate provides that " if the proposals, answers, declarations, and representations made by the aforesaid member in his application for membership, and which are hereby made a part of this certificate as if fully herein recited, and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in such case, this certificate shall be null and void," etc. In view of this provision, it was clearly incumbent on the plaintiff to present the application. in connection with the certificate, of which it forms a part, or account for its nonproduction.

The reason of this has been so clearly pointed out in several cases, that it is unnecessary to add anything to what has been there said : Lycoming Mut. Ins. Co. v. Sailer, 17 P. F. Smith, 108 ; Same v. Storrs, 10 W. N. C., 304 ; Farmers and Mechanics' Mut. Ins. Co. v. Meckes, Ibid., 306. There is nothing upon the record in this case to excuse the non-production of the application. It is also contended that the admission of the contract or certificate of membership, under the corporate seal of the company, was precluded by the form of action adopted. We think this position is also well taken. Where, as in this case, the cause of action arises upon a specialty, or writing under seal, it is well settled that the action must be debt or covenant, as the case may be: McManus v. Cassidy, 16 P. F. Smith, 260, and cases there cited. While the legislature, by statutes of amendment, and the courts, by judicial construction, have gone far to relieve against technical distinctions, which sometimes interfere with the trial of causes on their merits, they have not yet obliterated the boundary lines between the different forms of action as they are defined by the common law. If the contract on which the claim of the plaintiff below is based had been properly in evidence, the instruction complained of in the second assignment of error would have been unobjectionable. There is nothing in the nature of the contract, or in any of its provisions, requiring either notice of death or demand before bringing suit.

The third assignment is destitute of merit. The jurors summoned to serve for the week preceding the trial were in attendance, and from them the jury was duly impanelled and

sworn to try this case.   In the absence of any evidence to the contrary, it must be presumed they were in attendance by direction of the Court.

Judgment reversed, and a *venire facias de novo* awarded.